**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 53082/53083**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  July 7, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JENNIFER MARIE KALINOSKI, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Mark Monson, District Judge.

Orders revoking probation and ordering execution of concurrent, unified six-year sentences with three-year determinate terms for possession of a controlled substance, <u>affirmed</u>; orders denying I.C.R. 35 motions, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; LORELLO, Judge;
and MELANSON, Judge Pro Tem

_____

PER CURIAM

In Docket No. 53082, Jennifer Marie Kalinoski pled guilty to possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a)(1)(A).  In exchange for her guilty plea, an additional charge was dismissed.  The district court imposed a unified term of six years with three years determinate, suspended the sentence, and placed Kalinoski on probation for five years.

In Docket No. 53083, Kalinoski pled guilty to one count of possession of a controlled substance, I.C. § 37-2732(c)(1).  In exchange for her guilty plea, an additional charge was dismissed.  In a combined disposition hearing, the district court imposed a concurrent, unified term

1

of six years with three years determinate in Docket No. 53083 and revoked probation in Docket No. 53082. The district court retained jurisdiction in both cases. Following the period of retained jurisdiction, the district court placed Kalinoski on probation for a period of five years in both cases. Kalinoski subsequently admitted to violating her probation and the district court continued her probation on the condition that she complete the drug court program. Subsequently, Kalinoski was terminated from drug court and she admitted to violating her probation. The district court revoked Kalinoski's probation in both cases and ordered execution of the concurrent underlying sentences of six years with three years determinate. Kalinoski filed Idaho Criminal Rule 35 motions requesting a reduction of her sentences. The district court denied the I.C.R. 35 motions. Kalinoski appeals, contending that the district court abused its discretion by revoking probation and by denying the I.C.R. 35 motions.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d

23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Applying the foregoing standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion either in revoking probation or in denying Kalinoski's I.C.R. 35 motions. Therefore, the orders revoking probation and directing execution of Kalinoski's previously suspended sentences and the orders denying Kalinoski's I.C.R. 35 motions are affirmed.